IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HAM-LET, USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 3:18-cv-679-ECM |
| | ) | (WO) |
| BARBARA GUTHRIE, and | ) | |
| COMPART SYSTEMS CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Ham-Let, USA, Inc. ("Ham-Let") filed this action on July 20, 2018, against defendants Barbara Guthrie ("Guthrie") and Compart Systems Corporation ("Compart") asserting claims of breach of contract, misappropriation of trade secrets under the Federal Defend Trade Secrets Act pursuant to 18 U.S.C. § 1836, and misappropriation of trade secrets under the Alabama Trade Secrets Act, ALA. CODE § 8-27-3 (1975). Specifically, Ham-Let alleges that Guthrie, prior to the termination of her employment with Ham-Let, accessed, downloaded, and retained Ham-Let's confidential and proprietary trade secrets, and then used that information in her new employment with Compart, Ham-Let's direct competitor. The Court granted the Plaintiff's motion for a temporary restraining order (doc. 8), restraining the Defendants from using Ham-Let's confidential, proprietary information. (*Id*.).

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the specific statutory grant of jurisdiction contained in 18 U.S.C. § 1836(c). In addition to the

general federal question jurisdiction, the Defend Trade Secrets Act contains a specific grant of jurisdiction. "The district courts of the United States shall have original jurisdiction of civil actions brought under this section." 18 U.S.C.§ 1836(c). Finally, the Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

Now pending before the court is the Defendants' motion to transfer venue to the United States District Court for the Western District of Texas (doc. 39). The Plaintiff opposes the motion to transfer venue (doc. 41). The motion has been fully briefed and is ripe for resolution. After careful consideration of the motion, the Plaintiff's responses, and the arguments in favor of and against the motion, the Court concludes that the motion to transfer venue should be DENIED.

## DISCUSSION

Ham-Let is a corporation formed under the laws of the State of California with its principal place of business in Sugarland, Texas. (Doc. 44, at 1, para. 1). Guthrie is a citizen of the state of Alabama. (*Id*. at para. 2). Compart is a corporation existing under the laws of the state of Delaware, with its principal place of business in Austin, Texas. (*Id*. at 2, para. 3).

The Defendants argue that this case should be transferred to the Western District of Texas for the convenience of parties and witnesses because Ham-Let has "no apparent connection to this District" and it primarily does business in Sugarland, Texas which is significantly closer to the Western District of Texas than the Middle District of Alabama. (Doc. 39 at 2). The Defendants further argue that they "have substantial connections to the

Western District of Texas," and the Western District of Texas is significantly closer for potential witnesses than the Middle District of Alabama. (*Id.,* at 2-3). The Defendants contend that "[a]lthough Guthrie resides in Alabama, she . . . spends most of the work week in Austin, Texas, or traveling to California for Compart," and Guthrie "consents to personal jurisdiction in the Western District of Texas." (*Id*. at 3). Finally, the Defendants argue that "Texas is home to potential third-party witnesses." (*Id.*) According to the Defendants, the Western District of Texas is a "clearly more convenient" forum. (*Id*. at 10).

Ham-Let opposes transfer to that court because venue is proper in this District, and is its chosen forum. (Doc. 41). In addition, Ham-Let contends that the motion to transfer is untimely because the Defendants waited over six months to file the motion, has actively defended the case in this District, and that the motion is a delaying tactic. (*Id.* at 2). More importantly, Ham-Let argues that this forum is more convenient because the principal witness, Guthrie, resides in this District, and she downloaded and retained proprietary confidential information in this District. (Doc. 41 at 5-6; Doc. 74 at 1). Finally, Ham-Let asserts that the Defendants fail to identify a single non-party witness located in the Western District of Texas. (Doc. 41 at 4). Thus, Ham-Let contends the case should remain in the Middle District of Alabama.

The parties do not dispute that venue is proper in the Middle District of Alabama. Instead, the Defendants' motion is pursuant to 28 U.S.C. § 1404(a) which provides, in pertinent part, that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court *may* transfer any civil action to any other district or division where

3

it might have been brought or to any district or division to which *all* parties have consented." (emphasis added). Usually, the Court accords "considerable deference" to the Plaintiff's choice of forum and "in the usual motion for transfer under section 1404(a), the burden is on the [Defendants] to establish that the suggested forum is more convenient." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

> In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations. Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice." § 1404(a).

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62–63 (2013) (footnote in original omitted).

In this case, the Defendants do not seek to enforce a forum-selection clause, and thus, the Plaintiff's choice of forum weighs in favor of Ham-Let. The Court recognizes that "when the plaintiff's choice is not [its] home forum, . . . the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'" *Sinochem Int't Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)). It is undisputed that the Middle District of Alabama is not the home forum of Ham-Let. Thus, while Ham-Let's choice of this form is entitled to less weight, it is still entitled to more weight than the Defendants have attributed to it.

4

The decision to transfer a case is within the discretion of the trial court with the propriety of transfer being decided based on the facts of each individual case. *See Brown v. Connecticut General Life Ins. Co.*, 934 F.2d 1193, 1196 (11th Cir. 1991). And the burden is on the Defendants to establish the suggested forum is more convenient, and would be "in the interest of justice." *In re Ricoh Corp.*, 870 F.2d at 572-73. In considering whether the Defendants have demonstrated that their suggested forum is more convenient and serves the interest of justice, the court considers a variety of case-specific factors such as

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) [the suggested] forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005); *see also Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (holding that a motion to transfer venue requires the court to "balance a number of case-specific factors" in an "individualized, case by-case consideration of convenience and fairness" (citation and internal quotation marks omitted)).

In evaluating the factors, the Court considers that the individual defendant, Guthrie, is a resident of this District, notwithstanding the fact that she often works in Austin, Texas. The events giving rise to the Plaintiff's claims occurred in the Middle District of Alabama. Guthrie is alleged to have accessed, downloaded, retained, and stored confidential and proprietary trade secrets in the Middle District of Alabama. The fact that Guthrie

5

subsequently went to work in the Western District of Texas does not substantially tilt this factor in the Defendants' favor. Guthrie voluntarily terminated her employment with Ham-Let in the Middle District of Alabama, and her actions after her employment ended occurred in the Middle District of Alabama. These facts weigh in favor of the case remaining in this District.

A critical factor for the court's consideration is the convenience of witnesses. *See Owens v. Blue Tee Corp.*, 177 F.R.D. 673, 679 (M.D. Ala. 1998). "The convenience of non-party witnesses is important, if not the most important, factor in determining whether a motion for transfer should be granted." *Conseal Int' Inc. v. Econalytic Sys., Inc.*, 2009 WL 1285865 (S.D. Fla. 2009) (discussing transfer under § 1404(a)). The Defendants argue that the convenience of non-party witnesses weigh in favor of transferring this case to the Western District of Texas, which is significantly closer than the Middle District of Alabama. However, the Defendants have not identified any individual non-party witness from the Western District of Texas who would be inconvenienced by traveling to the Middle District of Alabama.[1] This factor does not weigh in favor of the case being transferred to the Western District of Texas.

---

[1] The Defendants assert that the neutral expert and Ham-Let's expert reside in Texas and thus, the Western District of Texas would be more convenient. The Court has considered that factor, but as the experts were hired with the understanding that the case was filed in the Middle District of Alabama, does not accord the factor much weight.

    The Court has also considered the Defendants' argument that potential witnesses from Applied Materials "could testify," and the Western District of Texas would be a more convenient forum. However, because the Defendants have failed to identify any individual non-party witness who would actually testify, the Court accords this factor less weight.

While pertinent documents appear to have been recently removed from this District to the Western District of Texas, those documents can just as easily be made available in this District. (Doc. 75 at 5). "[I]n this current era of technology, document production is not as onerous as it once was, and scores of file boxes filled with paper (if they exist) need not travel across the country." *Conseal Int'l Inc.*, *supra*. Thus, the location of relevant documents is not a significant factor weighing in favor of transfer to another district.

The crux of Ham-Let's claims against Guthrie and Compart stem from allegations that Guthrie accessed, downloaded, and retained confidential and proprietary trade secrets and took that information with her when she went to work for Compart. Those alleged actions took place in the Middle District of Alabama, and thus, the Court concludes that the locus of operative facts weighs in favor of this district.

Finally, Ham-Let alleges a claim under the Alabama Trade Secrets Act, ALA. CODE § 8-27-3 (1975). The Defendants do not address why the Western District of Texas would be a more convenient forum to litigate this claim, and this Court's "familiarity with the governing law" weighs in favor of this claim being litigated in this District.

"The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). Undisputedly, the Western District of Texas would be more convenient to Compart. However, under the present circumstances, the Court concludes that the Defendants have failed to establish that the interests of justice demand that this

case be transferred to the Western District of Texas as a more convenient forum for all the parties.

## CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED that the motion to transfer (doc. 39) is DENIED.

Done this 27th day of August, 2019.

   /s/   Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE